HENSEL, BRUCKMANN & LORBACHER *v.* UNITED STATES (No. 2641) [1]

ALUMINUM IN LEAF IN ROLLS, OVERLAPPING.

Where aluminum leaves were laid on tissue paper overlapping each other and rolled up, they were dutiable under paragraph 382, Tariff Act of 1922, according to the actual number and actual sizes of the leaves. The size of the exposed portion of the leaf can not be regarded as the size of the leaf; nor can the number of leaves which would cover the tissue paper if not overlapped be regarded as the number imported.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, Abstract 49597

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.
*William W. Hoppin*, Assistant Attorney General (*John A. Kemp*, special attorney, of counsel), for the United States.

[1] T. D. 41394.

[Oral argument December 8, 1925, by Mr. Tompkins and Mr. Lerch]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Aluminum leaves laid on tissue paper 300 feet long and 2 feet wide and imported in rolls at the port of Chicago, Ill., were classified by the collector of customs as aluminum leaves. The importation was accordingly assessed for duty at 6 cents for each 100 leaves of the 324,500 leaves actually found on the rolls and a proportional additional rate on each 100 leaves exceeding in size the equivalent of 5½ by 5½ inches. The duties so assessed were imposed under that part of paragraph 382 of the Tariff Act of 1922, which reads as follows:

PAR. 382. * * * Aluminum, in leaf, 6 cents per one hundred leaves. The foregoing rate applies to leaf not exceeding in size the equivalent of five and one-half by five and one-half inches; additional duties in the same proportion shall be assessed on leaf exceeding in size said equivalent.

The importers protested that only 285,000 leaves were imported and that on that number of leaves the duty of 6 cents for each 100 leaves should be assessed.

The Board of General Appraisers overruled the protest and the importers appealed.

The number of leaves invoiced was 324,500 leaves. The record discloses that 100 rolls of the leaves were imported and that each roll contained 2,596 leaves, having a size of 6⅛ by 6⅛ inches, and 649 leaves having a size of 2 inches by 6⅛ inches. It is apparent therefore that there were actually imported 259,600 leaves, having a size of 6⅛ by 6⅛ inches and 64,900 leaves having a size of 2 by 6⅛ inches, or a total of 324,500 leaves.

The leaves as laid on the tissue paper overlapped and the importers virtually contend, first, that the number of leaves of the sizes imported which without overlapping would cover a tissue paper surface 300 feet long by 2 feet wide, represents the number of leaves imported; second, that the size of the leaf surface exposed to the eye must be taken as the size of the leaf for tariff purposes.

The contentions of the importer if given effect would result in imposing the duty prescribed by the statute on a less number of leaves and on leaves of a less size than the number and sizes actually imported. It is apparent, therefore, that we can not sustain the importer without ignoring both the letter and the plain intent of paragraph 382.

If the leaves did not overlap, it is evident that the surface of the paper could have been covered by a less number of leaves of the size imported than the number of such leaves actually used for that purpose. But the leaves did overlap, and it was necessary that they

should overlap in order to make the rolls effective. It can not be said, therefore, that the rolls imported could have been produced by using 285,000 leaves and much less can it be said that that number was really used for the making of the commodity.

The concealed part of each leaf is just as much a part of the leaf as that which is exposed to the eye, and it must be considered in determining the size and the true number of leaves required for the proper making of the rolls. The overlap can not be taken into account for the purpose of ascertaining the surface which a leaf will truly cover and ignored as a factor in determining the dimensions of the leaf. Paragraph 382 means just what it says. It imposes a duty of 6 cents per 100 leaves and as 324,500 leaves were admittedly imported, the assessment made by the collector was correct.

The judgment of the Board of General Appraisers must therefore be *affirmed.*